IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

BRYRAN HOWARD, a minor, by Mother
and Next Friend, CHERYL MASON, and
CHERYL MASON, Individually,

    Plaintiffs,

v.      No. 06-2536 B

MEMPHIS HOUSING AUTHORITY and
BERNARD/ALLISON MANAGEMENT
SERVICES, INC.,

    Defendants.

_____

ORDER DENYING AS MOOT PLAINTIFFS' MOTION TO REMAND AND
REMANDING MATTER TO STATE COURT BASED ON FILING OF SUBSEQUENT
AMENDED COMPLAINT
_____

The Plaintiffs, Bryran Howard, a minor, by Mother and Next Friend, Cheryl Mason, and Cheryl Mason, Individually, initiated this action in Shelby County, Tennessee Circuit Court (No. CT-003529-06) against the Defendants, Memphis Housing Authority ("MHA") and Bernard/Allison Management Services, Inc. ("Bernard/Allison"), alleging that the Defendants were negligent. The Defendants removed the action to this Court on August 18, 2006 on the grounds of diversity jurisdiction, despite the fact that on the face of the complaint it appeared complete diversity was lacking. See 28 U.S.C. § 1332. On September 18, 2006, the Plaintiffs filed a motion to remand the case to state court based on the absence of complete diversity among the parties. In their motion, the Plaintiffs focused on the lack of diversity between them and Defendant MHA, all of whom are residents of Tennessee. They appeared to acknowledge therein that MHA was not a proper defendant in this action.

In an order entered June 20, 2007, the Court noted the Plaintiffs' failure, despite the statement contained in their response, to amend their complaint or to move for substitution of MHA has a party defendant. The Court directed the Plaintiffs to file either an amended complaint or a motion to substitute within eleven days or the motion to remand would be ruled on based on the documents then before the Court. On June 29, 2007, the Plaintiffs filed an amended complaint, which did not name MHA as a Defendant but did name for the first time as a defendant The Health Education and Housing Facility Board of the County of Shelby, Tennessee, a Tennessee corporation. Inasmuch as it only addressed MHA's involvement as a party Defendant, the September 18, 2006 motion to remand is DENIED AS MOOT.

Furthermore, this matter, based upon the amended complaint, is appropriate for remand to the state court as subject matter jurisdiction is lacking. "Unlike other issues not involving the merits of a case, subject matter jurisdiction may be raised at any time, by any party or even sua sponte by the court itself." Franzel v. Kerr Mfg. Co., 959 F.2d 628 (6th Cir. 1992); see also Probus v. Charter Comm., LLC, No. 06-6188, 2007 WL 1451959 at *1 (6th Cir. May 16, 2007) (court may properly remand a case to state court based on the lack of subject matter jurisdiction sua sponte in the absence of a motion to remand). In a recent case, the Sixth Circuit articulated as follows:

> Diversity of citizenship . . . exists only when no plaintiff and no defendant are citizens of the same state. The general rule is that diversity is determined at the time of the filing of a lawsuit. Notwithstanding this general rule, persuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previous unidentified defendant, diversity must be determined at the time of the filing of the amended complaint. . . . Although jurisdiction will not be ousted by a subsequent change in parties who are ancillary to the suit and whose presence . . . is not essential to an adjudication on the merits, a change in parties that goes to the very essence of the district court's ability to adjudicate the merits of the dispute effectively - most notably the addition of indispensable parties - may destroy it.

2

Curry v. U.S. Bulk Transp., Inc., 462 F.3d 536, 540 (6th Cir. 2006), reh'g & reh'g en banc denied (Dec. 5, 2006) (citations and internal quotation marks omitted). The court found that, in the case before it, "[u]pon the order granting [the plaintiff's] motion to amend his complaint to identify . . .and add . . . nondiverse defendants, complete diversity was destroyed, and so remand to state court was required at that time. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case *shall* be remanded." Id. at 541 (citing 28 U.S.C. § 1447(c)) (internal quotation marks omitted) (emphasis in original); see also Payne v. Long John Silver's, Inc., No. 1:04-CV-57, 2006 WL 897981, at *1-3 (E.D. Tenn. Apr. 5, 2006) (post-removal joinder of nondiverse defendant destroyed diversity jurisdiction, requiring that case be remanded to state court). Based on the foregoing, the Court finds that the amended complaint destroyed diversity jurisdiction and REMANDS the matter to the state court.

  IT IS SO ORDERED this 3rd day of July, 2007.

            s/ J. DANIEL BREEN
            UNITED STATES DISTRICT JUDGE